McKAY, Circuit Judge,
concurring:
While I join in the result, I reserve judgment as to whether we should treat as violent for purposes of 18 U.S.C. § 924(e)(2)(B), a felony which the state creating the felony has defined as nonviolent. The record in this case does not support a finding that Defendant was convicted under the non-violent escape section of Wyoming state law. Absent such a showing, I agree that we should reverse the district court’s ruling that § 924(e) did not apply because the record does show that Defendant was convicted of unauthorized departure from actual custody. I do not join, however, in our broad dictum stating as “irrelevant” whether “defendant was convicted under a state statute that defines escape as a nonviolent offense,” Maj. Op. at 1185, when there is no showing of actual violence. Elsewhere I have reviewed state law that often defines failure *1186 to return from work release or other inmate release program as felony escape. In that brief concurring opinion, I noted that “there is a quantum difference between the assumptions about the intrinsic danger of unauthorized departure from actual custody ... and of failure to return from authorized departure from actual custody.” United States v. Adkins, 196 F.3d 1112 (10th Cir.1999) (McKay, J., concurring). I do not believe that under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and the United States Sentencing Guidelines, escape is necessarily always a violent crime. I believe we should use more care before sweeping into law a statutory interpretation which the text does not support.